United States District Court
Southern District of Texas
**ENTERED**
January 15, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NORTHINGTON BUTLER,<br>TDCJ #01572952 | § | |
| | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-24-3195 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Northington Butler, an inmate in the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ), initiated this civil action by filling out and filing a form Petition for a Writ of Habeas Corpus by a Person in State Custody Under 28 U.S.C. § 2254. (Docket Entry No. 1). After reviewing this document as required under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court concludes that this action must be dismissed. The reasons are explained below.

## I.    Background

In 2009, Butler was sentenced to 35 years in TDCJ based on three Texas state court convictions for aggravated robbery. *See Inmate Info. Search*, Tex. Dep't of Crim. Just., https://inmate.tdcj.texas.gov/InmateSearch/start (last visited Dec. 16, 2024). Butler's habeas petition does not challenge his conviction or sentence, and he does not seek relief from a prison disciplinary conviction or a parole decision. Instead, Butler challenges his confinement in administrative segregation under the Fourteenth Amendment's Due Process Clause. (*See* Docket Entry No. 1 at 6; Docket Entry No. 1-1 at 1–3). He alleges that he has been confined in administrative segregation for over 3,000 days. (Docket Entry No. 1-1 at 1). He seeks release

from administrative segregation and transfer to a different prison unit. (*See* Docket Entry No. 1 at 7).

II.    **Discussion**

Butler's petition challenges his confinement in administrative segregation. The court must decide whether the claim Butler asserts is a civil-rights claim or a claim that sound in habeas.

The "core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely challenges the rules, customs, and procedures affecting 'conditions' of confinement." *Cook v. Tex. Dep't of Crim. Just. Transitional Plan. Dep't*, 37 F.3d 166, 168 (5th Cir. 1994) (quoting *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987)). If a favorable determination would not entitle the prisoner to an earlier release from confinement, then the complaint is construed as one for civil rights violations under 42 U.S.C. § 1983. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). Butler's federal petition does not challenge the fact or duration of his confinement, and a favorable determination of the claim would not entitle Butler to an earlier release date. The claim is properly construed as challenging his conditions of confinement. *See Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997) (holding that inmate's claim challenging his confinement in administrative segregation was properly characterized as a § 1983 suit).

Claims challenging an inmate's conditions of confinement must be brought in a civil-rights action under 42 U.S.C. § 1983. *See, e.g.*, *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017). Civil-rights claims are not actionable in federal habeas proceedings. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Poree*, 866 F.3d at 243 (explaining that "challenges to the fact or

2

duration of confinement are properly brought under habeas, while challenges to the conditions of confinement are properly brought under § 1983").

The Fifth Circuit has advised that if a prisoner has filed a civil-rights suit under 42 U.S.C. § 1983 that contains both habeas and civil rights claims under § 1983, the district court should separate the claims and decide the § 1983 claims. *See Orellana*, 65 F.3d at 31 (citing *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987)). It is not appropriate, however, to consider civil-rights claims in a habeas proceeding because of requirements posed by the Prison Litigation Reform Act (PLRA). Unlike habeas proceedings, the PLRA requires prisoners asserting civil-rights claims under § 1983 to pay the filing fee for a civil action even if the prisoner receives leave to proceed without prepaying the filing fee.[1] *See* 28 U.S.C. § 1915(b). Additionally, a court is required by the PLRA to review the pleadings and dismiss an action if it (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b) (setting forth the same grounds). A prisoner who incurs three dismissals or "strikes" loses his eligibility to proceed without prepaying the filing fee and may be barred from filing suits unless he can show that he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

---

[1] The filing fee for a federal habeas proceeding is $5.00 and the fee for a civil action is $350.00, plus a $55.00 administrative fee. *See* 28 U.S.C. § 1914(a)-(b); *Schedule of Fees*, United States District & Bankruptcy Court Southern District of Texas (last updated Dec. 1, 2023), https://www.txs.uscourts.gov/page/FeeSchedule. If a prisoner qualifies for leave to proceed without prepaying the filing fee and the $55.00 administrative fee is waived, the prisoner must still pay the $350.00 filing fee by installment from his inmate trust fund account. *See* 28 U.S.C. § 1915(b).

Because Butler has not raised any habeas claims in the § 2254 petition, the court dismisses the petition, without prejudice. If Butler wishes to pursue claims challenging his alleged wrongful confinement in administrative segregation, he must file a separate civil suit under 42 U.S.C. § 1983, subject to PLRA requirements. Butler may use the enclosed form complaint. If Butler wishes to pursue any civil-rights claims, the complaint must be filed in a United States District Court that has jurisdiction over the claims asserted in the complaint.

## III.    Conclusion and Order

The court orders as follows:

1.    Any pending motions are denied as moot.

2.    A certificate of appealability is denied.

3.    This case is dismissed without prejudice.

The Clerk will provide a copy of this order to Butler. The Clerk will also provide a blank copy of a form Prisoner's Civil Rights Complaint to Butler.

SIGNED on January 15, 2025, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge

4

PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 12/2023)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE _____ DISTRICT OF TEXAS
## _____ DIVISION

_____

Plaintiff's Name and ID Number

_____

Place of Confinement

v.

CASE NO._____

(Clerk will assign the number)

_____

Defendant's Name and Address

_____

Defendant's Name and Address

_____

Defendant's Name and Address
( DO NOT USE "ET AL.")

---

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1.  To start an action you must file an original and one copy of your complaint with the court.  You should keep a copy of the complaint for your own records.

2.  Your complaint must be legibly handwritten, in ink, or typewritten.  You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct.  If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3.  You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure.  Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4.  When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred.  If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID),  the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1.  In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $55.00 for a total fee of **$405.00**.

2.  If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3.  The Prison Litigation Reform Act of 1995 (PLRA) provides "...if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $55.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4.  If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.  PREVIOUS LAWSUITS:

    A.  Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? \_\_\_YES\_\_\_NO

    B.  If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)
        1.  Approximate date of filing lawsuit:_____
        2.  Parties to previous lawsuit:
            Plaintiff(s)_____
            Defendant(s)_____
        3.  Court: (If federal, name the district; if state, name the county.)_____
        4.  Cause number:_____
        5.  Name of judge to whom case was assigned: _____
        6.  Disposition: (Was the case dismissed, appealed, still pending?) _____
        7.  Approximate date of disposition:_____

II.    PLACE OF PRESENT CONFINEMENT: _____

III.   EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure? ___YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.    PARTIES TO THIS SUIT:

A.  Name and address of plaintiff: _____

_____

_____

B.  Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: _____

_____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_____

Defendant #2: _____

_____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_____

Defendant #3: _____

_____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_____

Defendant #4: _____

_____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_____

Defendant #5: _____

_____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_____

3

V.    STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved.  Describe how <u>each</u> defendant is involved.  <u>You need not give any legal arguments or cite any cases or statutes</u>.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely.  IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

VI.   RELIEF:

State briefly exactly what you want the court to do for you.   Make no legal arguments.   Cite no cases  or statutes.

_____

_____

VII.  GENERAL BACKGROUND INFORMATION:

A.  State, in complete form, all names you have ever used or been known by including any and all aliases.

_____

B.  List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

_____

VIII. SANCTIONS:

A.  Have you been sanctioned by any court as a result of any lawsuit you have filed?     ____YES ____NO

B.  If your answer is "yes," give the following  information for every lawsuit in which sanctions  were imposed. (If more than one, use another piece of paper and answer the same questions.)

    1.  Court that imposed sanctions (if federal, give the district and division): _____

    2.  Case number:_____

    3.  Approximate date sanctions were imposed:_____

4

4.  Have the sanctions been lifted or otherwise satisfied?     ____YES ____NO

C.  Has any court ever warned or notified you that sanctions could be imposed?     ____YES ____NO

D.  If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1.  Court that issued warning (if federal, give the district and division): _____

2.  Case number: _____

3.  Approximate date warning was issued: _____

Executed on: _____

      DATE

_____

(Signature of Plaintiff)

**PLAINTIFF'S DECLARATIONS**

1.  I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2.  I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3.  I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4.  I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5.  I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this _____ day of _____, 20 _____.

      (Day)           (month)        (year)

_____

(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**